TRINA A. HIGGINS, United States Attorney (#7349)
BRYAN N. REEVES, Assistant United States Attorney (DC#994799)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>LEE HAYDEN ANGLIN,<br><br>               Defendant. | UNITED STATES' POSITION REGARDING DETENTION<br><br>Case No. 2:24mj541 DAO |
|---|---|

☐    The United States is not seeking detention.

☐    Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast-track program, which includes agreeing to detention for the pendency of this case.

☒    **The United States moves for detention based on current information.** The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

//

☒ **Pursuant to 18 U.S.C. § 3142(f)(1)** because defendant is charged with:

☐ (A) a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☐ (B) an offense for which the maximum sentence is life imprisonment or death; or

☒ **(C) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or**

☐ (D) any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ (E) any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

   **OR**

☒ **Pursuant to 18 U.S.C. § 3142(f)(2)** because the case involves:

☒ **(A) a serious risk the defendant will flee**; or
☐ (B) a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or

combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ **A rebuttable presumption applies, and the defendant bears the burden to produce some credible evidence to rebut this presumption.** The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

(A) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

(B) the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

(C) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ **Pursuant to 18 U.S.C. § 3142(e)(3)** *(**narcotics**, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);**

☐ (B) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ (C) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ (D) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; or

☐ (E) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

### Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☐ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ **The weight of evidence against the defendant.** (18 U.S.C. § 3142(g)(2)).

☒ **The history and characteristics of the defendant** including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ **The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.** (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☒ **The defendant's prior attempts to evade law enforcement.**

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐ The defendant's prior failures to appear for court proceedings.
☒ **Other reasons including:**

**Nature and Characteristics of the Investigation and Offense**

This prosecution resulted from a long-term investigation conducted by the Federal Bureau of Investigation (FBI).  The FBI initiated their investigation based on source reporting about specific members of the United Aryan Brotherhood and UAB associates responsible for transporting and distributing large amounts of crystal methamphetamine, fentanyl, and cocaine in Texas, Oklahoma, Missouri, Arkansas, and New Mexico.

UAB is a white supremacist gang based in the Oklahoma state prison system. The UAB has long utilized the sale and distribution of methamphetamine, cocaine, and fentanyl, as well as threats of violence, as a means by which to gain power amongst the hierarchical prison gangs. UAB members utilize subordinate members and associates of the organization of the prison system to conduct their illegal activities, including drug distribution, money laundering, firearms trafficking and violent crimes.

Based on historical and current information provided by confidential human sources, sources of information, and information gathered by law enforcement, agents identified several UAB gang members working with a Mexican Transnational Criminal Organization and other drug suppliers to make money for UAB, its associates, and to provide funding for gang members who are incarcerated.  Furthermore, agents identified **Brandon Maxwell** (Maxwell) as a "council" member of the UAB and a source of supply for bulk quantities of methamphetamine.

During the investigation, agents relied upon confidential sources to assist with either controlled or undercover purchases.  **Lee Hayden Anglin** (Anglin) was a confidential source who entered into an agreement with FBI to serve as a cooperator and to assist with the ongoing investigation.  Anglin entered into a written agreement with agents requiring him to seek agents' explicit authorization for <u>any and all</u> dealings or communications with members of the UAB.  Additionally, with each <u>authorized</u> transaction in which Anglin was involved, FBI agents followed strict confidential source protocols.

//

//

In July of 2023, FBI agents, while working in an undercover capacity, learned from Anglin's source of supply that Anglin was coordinating <u>unauthorized</u> narcotics transactions on the side. Specifically, Anglin managed a narcotics distribution cell with named co-conspirators James Hodges, Tisha Ann Savage, and Kenneth Carter.

Anglin's unauthorized actions placed the undercover FBI agents in danger. Agents confirmed Anglin's unauthorized actions through multiple sources. Ultimately, agents confronted Anglin regarding his unauthorized conduct and interviewed him in person in Vernal, UT on August 10, 2023. During that interview Anglin admitted to brokering multi-kilogram crystal-methamphetamine transactions with Maxwell without the agents' knowledge or authorization. Maxwell and Anglin agreed upon a fixed price per kilogram of $3000.00, which was subsequently reduced to $2500.00 per kilogram. Anglin further admitted to coordinating with Maxwell approximately 8 to 10 loads of, at a minimum, 20 kilograms of methamphetamine per load. Anglin's unauthorized transactions occurred over approximately 4-5 months.

Additionally, Anglin has strong ties to the UAB. Anglin obtained methamphetamine from a high-ranking council member of the UAB and relied on a lower level UAB members to assist with the sizable narcotics distribution. Anglin admitted to obtaining methamphetamine and causing it to be transported from the Northern District of Oklahoma to Missouri for distribution.

**Relevant Conduct**

A conservative estimate of the controlled substances attributable to Anglin's relevant conduct is approximately 300 kilograms of methamphetamine.

**Criminal History**

- Anglin entered a no contest plea to mail fraud in July 2009 in Northern District of Illinois, Eastern Division 06-CR-197 (Appellate Case No. 10-3857). In November 2010, the Court sentenced Anglin to 180 months in prison. In 2018, Anglin was released and placed on probation.

- Anglin violated the terms of his probation and failed to report back to prison on June 29, 2018. Anglin became a federal fugitive, and an arrest warrant was issued on July 9, 2018. Anglin was taken into custody by law enforcement in late July 2018 after law enforcement located him in Orland Park, IL.

//

**Rebuttable Presumption**

The rebuttable presumption (as to defendant Anglin) applies to **Counts 19, 21, 23, and 25** – the penalty for each of these counts is not less than 10 years imprisonment or more than life imprisonment, a fine not to exceed $10,000,000, at least 5 years supervised release.

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:

☐ The victim(s) in this matter seek(s) a no contact order.

☒ **This matter does not involve a victim requiring notification.**

DATED this 30th day of May 2024.

TRINA A. HIGGINS
UNITED STATES ATTORNEY

_____
BRYAN N. REEVES
Assistant United States Attorney